J-A12039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDY BUXTON | : | |
| | : | |
| Appellant | : | No. 793 WDA 2019 |

Appeal from the PCRA Order Entered April 2, 2019,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0008697-2012.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 05, 2020**

Andy Buxton appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and protracted procedural history are as follows:  At the conclusion of a bench trial held on May 20, 2013, at which Buxton was represented by privately-retained counsel, the trial court found Buxton guilty of two counts of driving under the influence ("DUI") and related summary charges.  Immediately thereafter, the trial court sentenced Buxton to an aggregate term of seven days of house arrest and a consecutive six-month term of probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On June 25, 2013, Buxton filed an untimely *pro se* notice of appeal, which this Court docketed at No. 1173 WDA 2013. Because trial counsel remained as Buxton's attorney of record, this Court entered an order directing trial counsel to file an application to withdraw if he believed he no longer represented Buxton. On August 12, 2013, Buxton filed a motion with this Court in which he requested the appointment of counsel. We forwarded this motion to trial counsel because he was still listed as Buxton's attorney of record.

On August 15, 2013, trial counsel filed an application to withdraw. In this application, trial counsel averred that he was only retained to represent Buxton through sentencing and his services did not include the filing of an appeal. In addition, trial counsel opined that there were no meritorious issues to raise on appeal. On August 21, 2013, this Court granted trial counsel's withdrawal application, and advised Buxton that he was now proceeding *pro se* but was "free to employ substitute counsel to represent him." Thereafter, Buxton filed several more applications with this Court for the appointment of counsel, which were denied, and although this Court quashed the appeal *sua sponte*, we later reinstated it.

Ultimately, on July 10, 2014, the trial court appointed the county public defenders' office to represent Buxton on appeal and granted him *in forma pauperis* status. On July 14, 2014, a county public defender entered his appearance with this Court. The next day the public defender filed an application to amend the appeal, which we granted on August 5, 2014. An

amended appeal was filed on September 11, 2014. In his subsequent brief, Buxton challenged the sufficiency of the evidence supporting his DUI convictions. On July 9, 2015, Buxton filed an application for permission to proceed *nunc pro tunc*, which we deferred to the assigned panel for disposition.

On February 1, 2016, this Court ultimately quashed Buxton's direct appeal for lack of jurisdiction since the appeal was untimely filed and the record did not "indicate that there was a breakdown in the processes of the court or that [Buxton] filed any post-sentence motion." ***Commonwealth v. Buxton***, 2016 WL 398338 (Pa. Super. 2016), unpublished memorandum at 4. We also denied Buxton's application for permission to appeal *nunc pro tunc*. On June 13, 2016, our Supreme Court denied Buxton's petition for allowance of appeal. ***Commonwealth v. Buxton***, 141 A.3d 477 (Pa. 2016).

On July 28, 2016, Buxton filed the *pro se* PCRA petition at issue. Thereafter, the PCRA court appointed a different county public defender as counsel. On February 7, 2017, PCRA counsel filed a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). According to PCRA counsel, she learned that Buxton's six-month probationary period had ended and his case was closed on January 28, 2014. Thus, counsel determined that the PCRA court was without jurisdiction to grant post-conviction relief, pursuant to 42 Pa.C.S.A. section 9543(a)(1)(i), because Buxton was no longer serving a sentence for his DUI conviction. PCRA

counsel, however, did not file a motion to withdraw. Buxton filed a *pro se* response.

On May 16, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Buxton's petition without a hearing. In this notice, the PCRA court explained that Buxton was no longer eligible for relief under the PCRA because his maximum sentence had expired. Buxton did not file a response. By order entered April 2, 2019, the PCRA court denied Buxton's PCRA petition.[1] This timely appeal follows.[2] Both Buxton and the PCRA court have complied with Pa.R.A.P. 1925.

Buxton now raises the following issue on appeal:

> Should the Pennsylvania Supreme Court's exception to the rules of jurisdiction in the [PCRA recognized] in

_____

[1] The certified record offers no explanation for the almost two-year delay between the PCRA court's filing of its Rule 907 notice and its dismissal of Buxton's PCRA petition. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012) (citation omitted).

[2] Buxton timely filed a *pro se* notice of appeal and timely complied with the PCRA court's request for him to file a Rule 1925(b) statement of errors complained of on appeal. Thereafter, PCRA counsel unsuccessfully filed motions to withdraw with both the trial court and this Court. Because we were unsure if a **Grazier** hearing had ever been held in this case, **see generally Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), we denied counsel's request without prejudice to seek relief with the PCRA court. Although no transcript appears in the certified record, PCRA counsel avers that the PCRA court held a **Grazier** hearing on September 4, 2019, wherein "[Buxton] and the [PCRA] court wanted [PCRA] counsel to perfect the appeal despite the **Turner**/**Finley** letter." Buxton's Brief at 7.

> ***Commonwealth v. Delgros***, 183 A.3d 352 (Pa. 2018), be
> extended to first offense driving under the influence convicts
> whose 6-month maximum sentence precludes PCRA review
> after a direct appeal?

Buxton's Brief at 4 (excess capitalization omitted).

Before reaching the merits of Buxton's issue, we must first determine whether his PCRA petition was timely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[3] A PCRA petition invoking one of these

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[4] Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, the time period allowed for Buxton's filing of a PCRA petition commenced upon expiration of the time period allowed for seeking direct review; the time period did not begin to run upon the disposition of his untimely-filed notice of appeal. **Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008). The trial court sentenced Buxton for his DUI convictions on May 20, 2013. Because Buxton did not file a timely appeal, his judgment of sentence became final thirty days thereafter, on June 19, 2013. Thus, to be timely, Buxton had to file his PCRA petition by June 19, 2014. Because Buxton

_____

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[4] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year. **See** Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. The sixty-day time period applies in this appeal.

did not file the *pro se* PCRA petition at issue until July 28, 2016, it is untimely unless Buxton establishes that one or more of the PCRA's time bar exceptions applies.

Buxton failed to plead and prove any exception to the PCRA's time bar. Indeed, Buxton's petition and brief provide no timeliness analysis. Instead, Buxton solely challenges the PCRA court's finding that, because he completed serving his DUI sentence, he was no longer eligible for post-conviction relief. *See* PCRA Court Opinion, 10/2/19, at 4.

Given that Buxton's PCRA petition was untimely and no time-bar exceptions applies, this Court lacks jurisdiction to consider his claim. *See Commonwealth v. Pew*, 189 A.3d 486, 489 (Pa. Super. 2018) (reiterating that Pennsylvania courts are without jurisdiction to consider the merits of an untimely PCRA petition). On this basis, we must affirm the order of the PCRA court denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2020

- 7 -